## A. WALLACE ANDERSON *vs.* LOUIS SILVERMAN.

PROVIDENCE—MAY 19, 1905. ·

PRESENT: Douglas, C. J., Dubois and Johnson, JJ.

(1) *Mechanic's Lien.   Commencement of Legal Proceedings.*

Within sixty days of furnishing materials a subcontractor filed a notice of intention to claim a lien. Thereafter he filed with the recorder of deeds a paper headed "Statement of account or demand for which a lien is claimed," containing an itemized account and references to the property and the title therein to which a lien was claimed, with this statement: "And the said account or demand is lodged in the office of the recorder of deeds by virtue of and in accordance with chapter 206 of the General Laws and the additions and amendments thereto":—

*Held,* that, the account was a compliance with the statute and a commencement of legal proceedings.

*Goff* v. *Hosmer*, 20 R. I. 91, explained.

PETITION for mechanic's lien.   Heard on motion to dismiss, and denied.

DOUGLAS, C. J.   This is a petition to enforce a mechanic's lien, brought by one who furnished materials to the contractor, March 9 and 14, 1904.   On May 3, 1904, within sixty days of the furnishing the materials, he filed a notice of intention to claim a lien, and served a copy thereof upon the respondent. On July 22, 1904, he filed with the recorder of deeds a paper (1) headed "Statement of account or demand for which a lien is claimed," and containing an itemized account and references to the property and the title therein to which a lien was claimed. Following the stated account was this statement: "And the said account or demand is lodged in the office of the recorder of deeds in the said city of Providence, by virtue of and in accordance with chapter 206 of the General Laws of Rhode Island, 1896, and the additions and amendments thereto."

The respondent moves to dismiss the petition because the account is not accompanied with a statement that it was lodged for the purpose of commencing legal proceedings to enforce the lien.

The motion must be denied.   The statute requires only the

lodging of the account with proper references to the property and the title sought to be subjected to the lien, and in a case like the present, when the account had been preceded by a notice of intention to claim a lien, the account could not be mistaken for the notice of intention. When an attempt is made to combine the two papers it is necessary clearly to indicate both purposes. If the account is coupled with a statement giving notice of intention to claim a lien, as in *Birtwell* v. *Hosmer*, 20 R. I. 309, it negatives the idea that it is filed as the commencement of legal process, as was held in that case.

The opinion in *Tingley* v. *White*, 17 R. I. 533, is explained in *Goff* v. *Hosmer*, 20 R. I. 91, and the statement in the latter case that the object of the filing the account must explicitly appear is limited to the case where one notice is used to serve the purpose of both. The court say (p. 93): "The evident purpose of this last notice is to show that legal process has begun. Hence, we said, in *Tingley* v. *White*, that a conformity to the statute requires that this fact must appear, *if both notices are combined.*"

The account as filed was a compliance with the statute, and a commencement of legal process to enforce the lien. Upon the evidence we find that the materials were furnished as alleged, and the petitioner is entitled to the lien which he claims.

*Thomas Curran*, for petitioner.

*Eugene H. Lincoln*, for respondent.